PER CURIAM.
¶ 1 Matthew Feliciano appeals from a judgment convicting him of first-degree reckless injury by use of a dangerous weapon and attempted first-degree intentional homicide. Feliciano also appeals from a circuit court order denying his postconviction motion. Feliciano seeks a new trial in the interest of justice and due to newly discovered evidence. He also claims that the circuit court erroneously denied his mistrial motion. We affirm the circuit court in all respects.
Newly Discovered Evidence
¶ 2 Upon encountering the victim outside his girlfriend's home on December 26, 2013, Feliciano shot the victim in the face and the chest. Feliciano claimed self-defense based on an encounter with the victim three days before. Feliciano believed that three days before the shooting, the victim participated in a home invasion and armed robbery of Feliciano's girlfriend's home while Feliciano was present.[1] Feliciano's belief regarding the victim's involvement led him to defend himself when he encountered the victim. In addition, Feliciano contended that during their December 26 encounter, the victim, who was unarmed, moved his hand as if to suggest the presence of a firearm. At Feliciano's trial, the victim denied any involvement in the home invasion/armed robbery, and the victim was never charged in connection with the incident. The jury rejected Feliciano's self-defense claim and convicted him of first-degree reckless injury by use of a dangerous weapon and attempted first-degree intentional homicide.
¶ 3 Postconviction, Feliciano sought a new trial on the grounds of newly discovered evidence: before Feliciano's November 2014 trial for shooting the victim, the State suspected the victim in September and October 2014 burglaries.[2] Feliciano argued that the State should have disclosed this information because he could have used it to impeach the victim at trial and support his self-defense claim.[3] Feliciano contended that the burglary evidence would have countered the victim's claim on cross-examination that he was not involved in the home invasion/armed robbery and he "had never done anything like that." Feliciano argued that the burglary evidence constituted newly discovered evidence.
¶ 4 The circuit court disagreed with Feliciano about the significance of the burglary evidence and rejected Feliciano's request for a new trial based on newly discovered evidence. The court determined that the victim's involvement in subsequent burglaries was neither material nor relevant. As the circuit court reasoned, the burglaries occurred after the shooting, so Feliciano could not have been aware of the burglaries when he shot the victim.
¶ 5 Whether to grant a new trial due to newly discovered evidence was within the circuit court's discretion. State v. Plude , 2008 WI 58, ¶ 31, 310 Wis. 2d 28, 750 N.W.2d 42. Evidence is newly discovered when a defendant satisfies the following factors: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." Id. , ¶ 32 (citation omitted).
¶ 6 We conclude that the circuit court properly exercised its discretion when it denied Feliciano's request for a new trial. Feliciano did not establish that the burglary evidence was material either to his self-defense theory or to the victim's credibility. First, the burglaries occurred after Feliciano shot the victim, so the burglaries would not have been within Feliciano's knowledge as it related to his self-defense claim.[4] Second, the burglary offenses were dissimilar from the home invasion/armed robbery Feliciano experienced: four burglaries involved entry into unoccupied residences and the fifth burglary featured a resident who fled before the burglars entered the premises. Finally, the dissimilarities between the burglaries and the home invasion/armed robbery would have done little to impeach the victim's denial of involvement in the latter.
¶ 7 Feliciano admitted shooting the victim. The issue at trial was whether Feliciano acted in self-defense. There is no reasonable probability that evidence of the victim's involvement in postshooting burglaries would have caused the jury to credit Feliciano's self-defense claim or have a reasonable doubt about his guilt. See id. , ¶ 33.
¶ 8 Because Feliciano did not demonstrate that the burglary evidence was material, the circuit court did not err in concluding that the evidence was not newly discovered. The circuit court did not err when it denied a new trial.[5]
Mistrial
¶ 9 Feliciano sought a mistrial in response to testimony his counsel elicited from Detective Schmitz on cross-examination. On cross-examination, Feliciano's counsel explored the detective's interview with Feliciano about the circumstances of the shooting. During the interview, Feliciano told the detective that he suspected the victim was involved in the home invasion/armed robbery. The detective testified that during the interview, "the [gang member] topic came up because there was information that [Feliciano] had been robbed by [the gang] because he was selling drugs." Trial counsel objected and sought a mistrial because the detective had suggested to the jury that Feliciano was a drug dealer.
¶ 10 The State objected to the mistrial motion and observed that Feliciano elicited the detective's drug dealer testimony as he explored Feliciano's belief that the victim was involved in the armed robbery/home invasion. In lieu of a mistrial, the State urged the circuit court to strike the detective's testimony and give a cautionary instruction to the jury.
¶ 11 Deeming the detective's remark "not anywhere close to mistrial territory," the circuit court struck the remark. The court advised the jury that the remark was not responsive to a question and was not relevant to the charges at issue. The court instructed the jury to disregard the detective's remark.
¶ 12 Whether to grant a mistrial was within the circuit court's discretion. State v. Ford , 2007 WI 138, ¶ 28, 306 Wis. 2d 1, 742 N.W.2d 61. To resolve a motion for a mistrial, the circuit court may consider alternatives, including the use of a cautionary instruction. State v. Moeck , 2005 WI 57, ¶ 72, 280 Wis. 2d 277, 695 N.W.2d 783. A jury presumably follows cautionary instructions, State v. Olson , 217 Wis. 2d 730, 743, 579 N.W.2d 802 (Ct. App. 1998), which diminish the potential for prejudice, State v. Hunt , 2003 WI 81, ¶ 72, 263 Wis. 2d 1, 666 N.W.2d 771.
¶ 13 On appeal, Feliciano argues that the detective's drug dealer remark compromised his credibility and his self-defense claim. The State counters that after the detective's remark was struck, the jury was left with Feliciano's contentions that the victim participated in the home invasion/armed robbery three days before the shooting, the victim was a suspected gang member, and Feliciano shot the victim out of fear for his own safety. Therefore, all aspects of Feliciano's self-defense theory were before the jury to consider. We agree with the State.
¶ 14 Under the circumstances presented, we conclude that the circuit court properly exercised its discretion when it struck the detective's drug dealer remark and gave the jury a cautionary instruction, which we presume the jury followed. We conclude that the circuit court properly exercised its discretion when it denied Feliciano's mistrial motion.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

Feliciano reported the December 23, 2013 home invasion/armed robbery to law enforcement the day it happened. However, he did not allege that he suspected the victim was involved until he was interviewed eight days after the home invasion/armed robbery and five days after he shot the victim. Feliciano testified that he did not share his suspicions about the victim with law enforcement when he first reported the December 23 incident because he feared retaliation or hoped that the victim might return property taken in the invasion/robbery.

The victim was charged in January 2015 in connection with the burglaries. The victim pled guilty to one burglary as party to the crime approximately eleven months after Feliciano's trial.

Feliciano's circuit court motion also alleged that the State's failure to disclose information about the victim constituted a Brady violation. Brady v. Maryland , 373 U.S. 83 (1963). Feliciano does not pursue this claim on appeal.

The materiality of the burglary evidence was further undermined by the circuit court's finding that it was not until December 2014 that the fingerprints recovered from the burglary scenes were identified as the victim's. The fingerprint identification occurred well after Feliciano's trial concluded in November 2014. The victim did not admit his involvement in the burglaries until after he was arrested in January 2015.

Having affirmed the circuit court's discretionary decision to deny a new trial for lack of newly discovered evidence, we need not address whether the circuit court erred when it denied Feliciano's motion for a new trial in the interest of justice. Feliciano's interest of justice argument is premised on the burglary evidence, which was not material. See State v. Echols , 152 Wis. 2d 725, 745, 449 N.W.2d 320 (Ct. App. 1989) (arguments previously rejected do not constitute a basis for other relief).